[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17064
Non-Argument Calendar
_____

D. C. Docket No. 05-20617-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELICIA NOTTAGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 21, 2006)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Felicia Nottage appeals her 121-month concurrent sentences imposed after

pleading guilty to possession with intent to distribute and acquire a controlled

substance and conspiracy to possess with intent to distribute and acquire a controlled substance by misrepresentation, in violation of 21 U.S.C. §§ 841(a)(1), 846; acquiring possession of Oxycodone by fraudulently forging and counterfeiting prescriptions, in violation of 21 U.S.C. § 843(a)(3); and health care fraud and conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347, 1349. Because we find that the district court did not impose unreasonable sentences, we AFFIRM.

## I. DISCUSSION

We review post-Booker sentences for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005); United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). As an initial matter, the government argues that plain-error review should apply. We need not address this contention, however, because Nottage's argument fails even under a reasonableness standard.

Under that standard, the party challenging a sentence bears the burden of establishing that the sentence is unreasonable. Id. at 788. Some factors listed in 18 U.S.C. § 3553(a) are the: (1) "nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) need for the sentence imposed to reflect the seriousness of the offense, deter criminal activity, and protect the

2

public from future crimes by the defendant. While a sentence within the guideline range is not *per se* reasonable, it is expected to be reasonable. See Talley, 431 F.3d at 788. Moreover, a district court need not mention each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). We review the final sentence for reasonableness, as opposed to each individual decision made during the sentencing process. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam).

Nottage argues that her sentences are unreasonably high in light of her "personal background, lack of criminal history, remorse, [ ] cooperation with authorities . . . [and] the fact that [her] co-conspirators received substantially reduced sentences for similar conduct[.]" Appellant's Br. at 14-15. Upon review of the record and consideration of both parties' briefs, we discern no reversible error. The district court calculated the guidelines correctly and imposed reasonable concurrent sentences after considering the § 3553(a) factors. The court listened to Nottage's personal circumstances, including the needs of her daughter and her mother's medical condition and custody of four children. The court sustained Nottage's objection to an enhancement for being a leader or organizer of the criminal scheme, compared Nottage's conduct to her co-defendants' conduct, reduced the quantity of drugs for which she was responsible, and found that 121

3

months would appropriately meet the goals of § 3553(a). Therefore, Nottage's sentences—at the low end of the guideline range—are reasonable in light of § 3553(a). See Talley, 431 F.3d at 788.[1]

## II. CONCLUSION

Accordingly, because the district court did not impose unreasonable sentences, we **AFFIRM.**

---

[1] As such, Nottage's arguments based on her lack of criminal history and co-conspirators' sentences, raised for the first time on appeal, must fail. Because the court was not required to discuss each § 3553(a) factor, see Scott, 426 F.3d at 1329-30, it did not err in failing to *sua sponte* discuss Nottage's lack of criminal history or her co-conspirators' sentences. In fact, the court did reduce Nottage's role enhancement and the amount of Oxycontin prescriptions for which she was responsible after it made findings regarding the difference between Nottage's conduct and the conduct of one of her co-defendants. Thus, Nottage cannot prove error, plain or otherwise. See Talley, 431 F.3d at 788 (the burden rests with the defendant to prove unreasonableness).